David T. GREGORY *v.* STATE of Arkansas

CA CR 83-79                                    657 S.W.2d 570

Court of Appeals of Arkansas
Division II
Opinion delivered October 5, 1983

*Ernie Witt,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

GEORGE K. CRACRAFT, Judge. David T. Gregory appeals from his conviction of two counts of theft by receiving as provided in Ark. Stat. Ann. § 41-2206 (Repl. 1977). He advances three points of error which we discuss separately. We find no error and affirm the conviction.

During the trial Larry Bradley, a witness for the State, testified that he had stolen most of the items charged in the indictment and that he had told appellant they were stolen before appellant purchased them. Counsel cross-examined the witness with regard to his ability to identify appellant as the person to whom he had sold the stolen goods and the amount he had received for them. The witness maintained that he was certain as to both. Counsel then asked:

Q. Now Larry it is a fact well known to you and to others that you do indulge in smoking the obnoxious weed marijuana, isn't it?

The State objected to this question and defense counsel argued:

Your Honor, this is for the purpose of impeachment, which has nothing to do with relevance . . . . Your Honor, I have simply asked this witness whether or not he is a user of marijuana. And I believe as far as his credibility goes I should be permitted to ask that, receive an answer and to explore further. It is possible that if he is, he very well may have been high and not recall who he sold it to.

The fact that the witness was known to have "indulged in smoking the obnoxious weed" was not relevant to any issue in the case or admissible under the Uniform Rules of Evidence for the purpose of impeachment. There was nothing to show that the instances of marijuana use were sufficient in number to warrant a finding that the habit existed or that the practice was so routine as to become semi-automatic or completely involuntary to bring it within the exceptions of Unif. R. Evid. 406. *Henry v. Cline*, 275 Ark. 44, 626 S.W.2d 958 (1982). Nor was the question phrased so as to elicit such an answer. Appellant does not point out to us any rule of evidence under which he contends that he should have been permitted to show that this witness was known on occasion to have smoked marijuana.

The appellant argues that he was not permitted to bring the credibility of the witness into issue by showing that he was under the influence of the controlled substance at the time of the events reported in his testimony. Our review of the record discloses that the appellant was in fact permitted to ask questions about the witness's use of drugs on these occasions and the effect it might have had on his perception. Counsel asked him on several occasions if at the time of these transactions he was under the influence of any drugs. The witness answered "I recall I was pretty straight all the way."

He did admit that it was possible that he might have been under the influence but felt that he was not.

We conclude that the court's ruling on the question as phrased was a correct one.

One of the counts for which he was convicted charged the appellant with receiving "one .357 revolver" belonging to Leon Oxford knowing or having good reason to believe that it was stolen. Leon Oxford testified that in September 1981 a .357 magnum pistol was stolen from his place of business. He stated that it had been purchased for $119 eight years earlier, had only been fired once and had been kept in the house without being used for that period of time. At the close of all the testimony the appellant moved for a directed verdict, contending that the State had failed to introduce proper proof of the market value of the weapon. He argues that the purchase price paid for the weapon eight years earlier was too remote to establish value at the time of the commission of the crime.

We need not address the question of whether the evidence was sufficient to establish the market value of the weapon. Ark. Stat. Ann. § 41-2206 (Repl. 1977) establishes the elements of theft by receiving and then classifies the range of punishment according to the value of the stolen goods. Ark. Stat. Ann. § 41-2206 (5) (b) (ii) and (iii) make different classifications for theft of credit cards and firearms. There is no provision for the valuation of credit cards and theft by receiving of a firearm is a Class C felony if the weapon is valued at "less than $2500." The commentary states "it makes theft by receiving a firearm at least a Class C felony regardless of the weapon's value. Such indiscriminate treatment of both credit cards and firearms is amply justified by the need to deter trafficking in such stolen property." Under this section the State was not required to establish the value of the weapon in order to obtain a conviction.

In his closing argument appellant's counsel stated to the jury that in order to be convicted of crime one must have possessed "what I would call, and they call *mens rea,* a guilty state of mind." The court sustained the State's objection that

*mens rea* was not an evidentiary fact in the case and was not mentioned in the instructions given by the court. The State argued that the Latin term had many definitions which had been eliminated in the adoption of our criminal code. Appellant now argues that this ruling of the court deprived him of the right to argue that the appellant had not acted with knowledge of the fact that the property was stolen. We do not agree.

The court had already properly instructed the jury that in order to find the appellant guilty the State must prove beyond a reasonable doubt that the appellant acquired possession of or disposed of stolen property of another person *knowing or having good reason to believe it was stolen*. This instruction was given in the form prescribed in AMCI 206 and included the definition of "knowledge" contained in that approved instruction.

Upon the court's ruling the defense counsel without asking for any other action made a lengthy argument that the appellant could be convicted only if the jury found that he had knowledge that the property was stolen. He then requested to be furnished with the court's instruction on "knowledge" and read it to the jury and argued from it. We do not need to determine whether the court was correct in not permitting the use of a Latin term which means in general "a criminal intent or guilty mind." Counsel was given ample opportunity to argue, and in fact did argue, that knowledge constituted an element of theft by receiving which the State was required to prove beyond a reasonable doubt.

The appellant has failed to point out to us and we have been unable to find how he was prejudiced by that ruling. We do not reverse for non-prejudicial error. *State* v. *Vowell*, 276 Ark. 258, 634 S.W.2d 118 (1982).

Affirmed.

CLONINGER and GLAZE, JJ., agree.