# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–13–192

| | | |
|---|---|---|
| FABIAN ANTONIO BACA | | **Opinion Delivered** September 25, 2013 |
| | APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CR–2011-1575-1] |
| V. | | |
| | | HONORABLE ROBIN F. GREEN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## JOHN MAUZY PITTMAN, Judge

After a jury trial, appellant was convicted of residential burglary, being a felon in possession of a firearm, theft of property, theft by receiving, and driving while intoxicated. He was sentenced to a total of eighty years in the Arkansas Department of Correction. Appellant argues on appeal that the trial court erred in denying his motions for directed verdicts of acquittal on the charges of residential burglary and possession of a firearm by a felon. We affirm.

A motion for directed verdict is a challenge to the sufficiency of the evidence. *Ross v. State*, 346 Ark. 255, 57 S.W.3d 152 (2001). The test for determining sufficiency of the evidence is whether substantial evidence, direct or circumstantial, supports the verdict. *Id*. Substantial evidence is evidence of sufficient certainty and precision to compel a conclusion one way or another and pass beyond mere suspicion or conjecture. *Id*. On appeal, we

review the evidence in the light most favorable to the appellee, considering only the evidence that supports the verdict. *Id.*

Appellant's sufficiency arguments are premised on his assertion that the challenged convictions are based entirely on circumstantial evidence. However, it is well settled that guilt can be established without eyewitness testimony and evidence of guilt is not less because it is circumstantial. *Id.* The longstanding rule in the use of circumstantial evidence is that, to be substantial, the evidence must exclude every other reasonable hypothesis than that of the guilt of the accused. *Id.* The question of whether the circumstantial evidence excludes reasonable hypotheses consistent with innocence is for the jury to decide. *Id.* On review, this court must determine whether the jury resorted to speculation and conjecture in reaching its verdict. *Id.*

A person commits residential burglary when he unlawfully enters or remains in an occupiable structure belonging to another with the purpose of committing therein any offense punishable by imprisonment. Ark. Code Ann. § 5–39–201(a)(1) (Repl. 2006). Unexplained possession of recently stolen property; efforts to avoid detection, such as fleeing from the scene of the crime and attempting to dispose of incriminating evidence; and close proximity in time and distance linking the accused, the stolen property, and the burglarized residence are all corroborating circumstances to be considered in determining one's guilt of burglary. *See Turner v. State*, 64 Ark. App. 216, 984 S.W.2d 52 (1998); *Brown v. State*, 35 Ark. App. 156, 814 S.W.2d 918 (1991). A felon[1] in possession of a firearm, in the absence

---

[1]The parties stipulated at trial that appellant had previously been convicted of a felony.

of certain exceptions not applicable here, commits a criminal violation of Ark. Code Ann. § 5-73-103(a)(1) (Supp. 2011). Appellant argues that the jury was required to speculate to find that he entered the victim's home and that he possessed a firearm. We do not agree.

A witness testified that she saw a wrecked vehicle along the side of the road on December 2, 2011. A man, whom the witness identified as appellant, was seen crawling from the wreck. Appellant told the witness not to call the police and offered her money to take him away from the accident scene. When the witness told appellant that the police had already been called and were en route, appellant ran into the woods. Appellant was soon thereafter seen fleeing from police on property adjacent to that of the victim's, throwing items out of his pockets during the pursuit. Appellant was apprehended, and jewelry was found at the very spot in the pasture where appellant was seen lying down in an effort to avoid detection by the police officer. The jewelry was identified as having been taken from the victim's home within the preceding few hours. An inspection of the wrecked car showed that it contained identification, letters, medication, and personal effects belonging to appellant, as well as other property taken from the victim's home and, in plain sight, a loaded rifle. There was no evidence that the vehicle was occupied by anyone else. We hold that, under these circumstances, the jury was not required to speculate in order to find that appellant entered the victim's home with the intent of committing an offense punishable by imprisonment and that he possessed a firearm.

Affirmed.

WALMSLEY and VAUGHT, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., and *Callie Day*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the supervision of *Darnisa Evans Johnson*, for appellee.