SLIP OPINION

Cite as 2016 Ark. App. 307

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–16–37

KEITH W. CROZIER

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

Opinion Delivered: June 8, 2016

APPEAL FROM THE SHARP COUNTY CIRCUIT COURT
[NO. CR-2014-70]

HONORABLE HAROLD S. ERWIN, JUDGE

AFFIRMED

## RAYMOND R. ABRAMSON, Judge

Keith Crozier appeals his conviction of theft by receiving. He argues that the circuit court erred in denying his motions to suppress and for a directed verdict. We affirm.

On July 12, 2011, Sean Cree's Dodge truck was stolen from Texarkana, Arkansas. Nearly three years later, on April 29, 2014, Officer Jimmy Bennett and Chief Deputy David Huffmaster located the truck in Crozier's shed. After finding the truck, Bennett and Huffmaster obtained a warrant to search Crozier's house, and they discovered drug paraphernalia. On May 2, 2014, the State charged Crozier with theft by receiving in violation of Ark. Code Ann. § 5-36-106(e)(1) (Repl. 2013) and possession of drug paraphernalia in violation of Ark. Code Ann. § 5-64-443(b) (Repl. 2016).

On June 25, 2014, Crozier filed a motion to suppress the truck and the drug paraphernalia. He asserted that even though Bennett and Huffmaster had a warrant to search

SLIP OPINION

his house, the warrant was defective because he did not voluntarily consent to the search of his shed.

On October 1, 2014, the court held a hearing on Crozier's motion. At the hearing, Bennett testified that he received information that Crozier had a stolen Dodge truck in his shed. He explained that upon receiving that information, he went to Crozier's house with Huffmaster and asked Crozier if he had a Dodge truck. Crozier informed them that he had a truck in his shed. Bennett testified that he then asked Crozier if they could examine the truck in the shed and specifically explained that he could refuse the search. Bennett stated that Crozier consented to the search and opened the shed for them. Bennett testified that he identified the truck in Crozier's shed as Cree's vehicle from the VIN number. He explained that he then obtained a search warrant for Crozier's house and returned to the property two days later to tow the truck and search the house. He testified that while searching the house, he found drug paraphernalia. Huffmaster also testified at the hearing that Crozier gave Bennett permission to enter the shed and that Bennett informed Crozier that he did not have to consent to the search. Crozier testified on his own behalf. He admitted that he consented to the search of the shed; however, he denied that Bennett informed him that he could refuse the search.

At the conclusion of the hearing, the court found that Crozier consented to the search of the shed and denied Crozier's motion to suppress the Dodge truck. However, the court found that the search warrant lacked probable cause and granted Crozier's motion to suppress the drug paraphernalia found in the house. The State proceeded with the charge of theft by receiving, and the court held a jury trial on October 21, 2015.

At trial, Cree testified that his Dodge truck was stolen on July 12, 2011. He testified that officials informed him that they found his truck and that he inspected the vehicle that they found. He confirmed that the Dodge truck found in Crozier's shed was his vehicle.

Bennett recounted his testimony from the earlier suppression hearing and testified that he discovered a Dodge truck in Crozier's shed on April 29, 2014. He further testified that the shed was packed full of items and that the truck had been dismantled. Specifically, he stated that the truck's dashboard, door panels, and fuel tank had been removed but the parts remained in the shed. He noted that the truck's radio and speakers had also been dismantled but they were not in the shed. He further noted that the license plate had been removed. He testified that he initially had trouble finding the VIN number because a black piece of plastic concealed the number, but he removed the plastic and identified the number. He stated that he called a dispatcher to verify whether the number matched the VIN number for the stolen truck, and while he waited for her response, he questioned Crozier about the truck. He testified that Crozier told him that he was hiding the truck for a friend who was getting a divorce but Crozier did not tell him the friend's name.

Huffmaster also testified at the hearing that they found the Dodge truck in Crozier's shed and that the truck had been dismantled. He noted that the inner door panels and the dash had been removed. He explained that the shed also contained numerous stacks of boxes and clothes.

After the State rested, Crozier moved for a directed verdict. He argued that the State was not entitled to the presumption of theft by receiving under Ark. Code Ann. § 5-36-106(c) because the evidence did not show he was in possession of recently stolen property.

The State responded that it did not rely on the presumption from section 5–36–106(c) and asserted that it presented evidence that Crozier knew or had reason to know he was in possession of stolen property. The court denied the motion.

Crozier did not present any evidence, and the jury convicted him of theft by receiving and sentenced him to seventy-two months' imprisonment in the Arkansas Department of Correction. He then filed this timely appeal. On appeal, Crozier argues that the circuit court erred when it (1) denied his motion to suppress and (2) denied his motion for a directed verdict.

Because of double-jeopardy concerns, we consider challenges to the sufficiency of the evidence before addressing other arguments. *Gillean v. State*, 2015 Ark. App. 698, 478 S.W.3d 255. A motion for a directed verdict is treated as a challenge to the sufficiency of the evidence. *Woodson v. State*, 2009 Ark. App. 602, 374 S.W.3d 1. When the sufficiency of the evidence is challenged, we consider only the evidence that supports the verdict, viewing the evidence in the light most favorable to the State. *LeFever v. State*, 91 Ark. App. 86, 208 S.W.3d 812 (2005). The test is whether there is substantial evidence to support the verdict, which is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other. *Id*. On review, this court neither weighs the evidence nor evaluates the credibility of witnesses. *Cluck v. State*, 91 Ark. App. 220, 209 S.W.3d 428 (2005).

A person commits theft by receiving when he receives, retains, or disposes of stolen property of another person, knowing it was stolen or having good reason to believe it was stolen. Ark. Code Ann. § 5–36–106(a). Pursuant to Ark. Code Ann. § 5–36–106(c), the

unexplained possession or control by a person of recently stolen property or the acquisition by a person of property for a consideration known to be far below its reasonable value shall give rise to a presumption that he knows or believes that the property was stolen.

In this case, Crozier argues that the evidence is insufficient to support his conviction because the State was not entitled to the presumption from section 5-36-106(c). He points out that Bennett and Huffmaster discovered the truck in his shed nearly three years after Cree had reported the truck stolen. Thus, he asserts that he was not in possession of recently stolen property.

Crozier's argument is misplaced. The State conceded at trial that the presumption from section 5-36-106(c) did not apply to this case. Instead, the State offered evidence that Crozier knew or had good reason to believe the truck was stolen. Specifically, Bennett and Huffmaster testified that the truck was concealed in Crozier's shed; the truck had been dismantled and parts were missing; the license plate was not on the vehicle; a piece of plastic concealed the VIN number; and Crozier did not know how his friend acquired the vehicle. *See Doubleday v. State*, 84 Ark. App. 194, 138 S.W.3d 112 (2003) (upholding a theft-by-receiving conviction even though section 5-36-106(c) did not apply because the State presented evidence that the defendant knew or had reason to believe that the property was stolen). Viewing this evidence in the light most favorable to the State, we hold that there was substantial evidence to support Crozier's conviction.

Crozier next argues that the circuit court erred in denying his motion to suppress the Dodge truck because Bennett did not inform him that he could refuse the search. In making his argument, he cites Arkansas Rule of Criminal Procedure 11.1(c), which holds that "a

5

search of a dwelling based on consent shall not be valid under this rule unless the person giving the consent was advised of the right to refuse consent," and argues that the rule applies to the shed because it falls within the curtilage of his home.[1]

When reviewing a circuit court's denial of a motion to suppress evidence, the appellate court conducts a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to the inferences drawn by the circuit court. *Pickering v. State*, 2012 Ark. 280, 412 S.W.3d 143. A finding is clearly erroneous, even if there is evidence to support it, when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id*. We defer to the circuit court's superior position in determining the credibility of the witnesses and resolving any conflicts in the testimony. *Id*.

Here, we need not determine whether Rule 11.1 applies to the shed. Bennett and Huffmaster testified that Bennett advised Crozier that he was not required to consent to the search of the shed, and the circuit court specifically found that Crozier consented to the search. Accordingly, the court did not err in denying his motion to suppress.

Affirmed.

GLOVER and HIXSON, JJ., agree.

*R.T. Starken*, for appellant.
*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

---

[1]The State asserts that Crozier did not raise the informed-consent issue below, and it therefore was not preserved for appeal. However, we hold that the issue was properly raised and ruled on.