DAVID M. GLOVER, Judge
Appellant Calvin Blair was convicted by a Pulaski County Circuit Court jury of battery in the first degree, possession of a firearm by certain persons, and theft by receiving; the jury further found he had employed the use of a firearm in the commission of the battery. Blair was sentenced as a habitual offender to a total of fifty-one years' imprisonment. On appeal, he takes issue only with his conviction for theft by receiving, arguing (1) the State failed to introduce substantial evidence the firearm he possessed on October 24, 2016, was stolen, and (2) the State failed to introduce proof the allegedly stolen firearm had any value. We affirm.
The pertinent facts giving rise to the issues on appeal are as follows. On October 16, 2016, Blair called Timothy Parker between 9:00 and 10:00 p.m. wanting Parker to meet him outside Parker's house. When Parker went outside, a third man ran toward Parker and Blair; both Blair and the third man had firearms and ordered Parker to open the door to his house. When Parker's wife opened the front door, Parker attempted to run through the door and lock it, but he was shot twice by Blair, once in the back and a second time in the chest. Blair and the third man went to the bedroom with Parker's wife. Parker heard Blair tell the third man to go see if Parker was dead. The third man returned to the front room, shot Parker's dog twice, and then reported to Blair that both Parker and the dog were dead; however, they both survived. Four shell casings were recovered from the Parker home-two 9mm casings and two .40 caliber casings.
On October 24, the Little Rock Police Department, acting on a tip, arrested Blair for outstanding warrants. At the time of his arrest, Blair was wearing a holster on his right hip containing a black Smith & Wesson M & P .40 caliber firearm. Officer Scott Miles of the Little Rock Police Department identified the pistol presented by *263 the State at trial as the one Blair possessed at the time of his arrest and testified that, at the time of Blair's arrest, the semiautomatic .40 caliber weapon was loaded with eight bullets, one in the chamber and seven in the magazine. Officer Miles further identified the firearm by its serial number, which he had recorded-HWR0747.
Presley Roberts testified that the firearm taken from Blair was purchased by Roberts for his nephew but had been stolen from his truck the previous February; he had filed a police report regarding the theft. He said he could tell the firearm was his because it looked similar to the one he purchased, and the firearm's serial number should be R0767. Roberts stated he did not know Blair and had not given the firearm to him, nor had he authorized anyone else to be in possession of the firearm.
Blair moved for a directed verdict at the close of the State's case-in-chief. Specifically, with respect to the theft-by-receiving charge, he argued (1) the State failed to introduce any evidence regarding the value of the .40 caliber firearm and (2) Roberts had misidentified the firearm serial number. The circuit court denied his motion.
Blair testified in his own defense, admitting he had a .40 caliber gun with him on the date of the incident at the Parker home, but he denied it was the one the State had placed into evidence. He claimed he had traded some marijuana for that .40 caliber firearm, and he did not know if the gun was stolen. Blair stated the firearm introduced into evidence was not the firearm he had when he shot Timothy Parker in self-defense, because he had dismantled that firearm and thrown the parts into various dumpsters. Blair explained he obtained another firearm a few days later from his friend Jabaris as a gift for favors he had performed for Jabaris, and he did not know it was stolen. Blair admitted he often obtained guns off the street; he said he never went to the store to buy guns.
After Blair's testimony, the defense rested and renewed its directed-verdict motion, adding the argument that the State failed to prove Blair knew or had good reason to believe the gun he possessed was stolen. The circuit court again denied the motion. The jury found Blair guilty, and he now brings this appeal.
Blair first argues the State failed to introduce substantial evidence that the firearm he possessed on October 24, 2016, was stolen. Specifically, he argues the serial number of the firearm in evidence did not match the serial number of Presley Roberts's firearm-the firearm in evidence had serial number HWR0747, while Roberts testified the serial number of his firearm was R0767.
A motion for directed verdict is treated as a challenge to the sufficiency of the evidence. Crozier v. State , 2016 Ark. App. 307, 496 S.W.3d 401. The test for determining the sufficiency of the evidence is whether substantial evidence, direct or circumstantial, supports the verdict. Baca v. State , 2013 Ark. App. 524. Substantial evidence is evidence of sufficient certainty and precision to compel a conclusion one way or another and pass beyond mere speculation or conjecture. Id. On appeal, we review the evidence in the light most favorable to the appellee, considering only that evidence supporting the verdict. Id.
A person commits the offense of theft by receiving if he or she receives, retains, or disposes of stolen property of another person, knowing that the property was stolen, or having good reason to believe the property was stolen. Ark. Code Ann. § 5-36-106(a) (Repl. 2013). The unexplained possession or control of recently stolen property or the acquisition of property for a consideration known to be far below the *264 property's reasonable value both give rise to a presumption that a person knows or believes that the property was stolen. Ark. Code Ann. § 5-36-106(c).
We cannot agree with Blair's contention. A jury is free to believe any witness's testimony in part or in whole; it may resolve questions of conflicting testimony and inconsistent evidence; it is not required to set aside common sense; and it need not view each fact in isolation but may instead consider the evidence as a whole. Neal v. State , 2016 Ark. App. 384, 499 S.W.3d 254. A jury may infer a defendant's guilt from improbable explanations of incriminating conduct. Worsham v. State , 2017 Ark. App. 702, 537 S.W.3d 789.
Here, Roberts identified the firearm as belonging to him. While the serial-number evidence was off by one number, this discrepancy was an issue to be weighed by the jury. Furthermore, Blair claimed he had obtained the firearm in question from his friend Jabaris as a gift and did not know it was stolen; however, the jury was not required to believe his testimony on this issue. Blair testified he often obtained his guns off the street. We hold there is sufficient evidence to support the jury's decision Blair committed theft by receiving.
Blair next argues the circuit court erred in denying his motion for directed verdict on the theft-by-receiving charge because the State failed to introduce any proof the allegedly stolen firearm had any value. We again disagree.
Blair was charged with and convicted of theft by receiving under Arkansas Code Annotated section 5-36-106(e)(3)(B)(iii), which provides that theft by receiving is a Class D felony if the property is a firearm valued at less than $2500. Citing Cannon v. State , 265 Ark. 270, 578 S.W.2d 20 (1979), Blair argues the State is required to put on affirmative proof of the value of the allegedly stolen property. The facts in Cannon are distinguishable; in that case, the appellant was found guilty of Class C felony theft by receiving, which required the State to prove that the value of the property was less than $3500 but more than $100. While there was evidence that the owner of the property, a 1955 Chevrolet automobile, paid $148 for it in 1966, there was no evidence of the value of the vehicle when it was stolen in 1978; our supreme court held that experience and common knowledge could not be used as a substitute for evidence that the vehicle had a value of more than $100. However, our supreme court further held there was substantial evidence the automobile had some value and modified the conviction for theft by receiving to a misdemeanor, which required that the property have a value of $100 or less.
In the present case, theft by receiving is a Class D felony if the property is a firearm valued at less than $2500. In Gregory v. State , 9 Ark. App. 242, 657 S.W.2d 570 (1983), our court held theft by receiving of a firearm was at least a Class C felony regardless of the weapon's value, and the State was not required to establish the value of the weapon to obtain a conviction. The offense is now a Class D felony if the property is a firearm valued at less than $2500, but the reasoning behind not requiring the State to prove the value of the firearm is the same. Theft by receiving of a firearm is at least a Class D felony regardless of the weapon's value, and the State is not required to establish the value of the firearm in order to obtain a conviction. Therefore, we affirm on this point as well.
Affirmed.
Gruber, C.J., and Murphy, J., agree.