Cite as 2023 Ark. App. 171

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-22-540

| | |
|---|---|
| JAMES MATHIS RAPER | Opinion Delivered March 29, 2023 |
| APPELLANT | |
| | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR-21-21] |
| V. | |
| STATE OF ARKANSAS | HONORABLE CREWS PURYEAR, JUDGE |
| APPELLEE | |
| | AFFIRMED |

**BART F. VIRDEN, Judge**

A Drew County jury convicted appellant James Mathis Raper of residential burglary and theft of property, and he was sentenced to five years' imprisonment. He argues on appeal that the trial court erred in denying his motions for a directed verdict as to residential burglary because he did not have the purpose to commit theft.[1] We affirm his conviction.

## I. *Background*

Shyron Robinson testified that on the night of December 20, 2020, he saw a white truck parked at the end of the driveway to his father's former residence. He said that the residence, owned by Charles Robinson, was fully furnished and used as a "man cave"—it

---

[1]Raper does not challenge the sufficiency of the evidence supporting his conviction for theft of property, which was reduced to a misdemeanor because the value of the pinball machines was not established.

contained a pool table, two pinball machines, a slot machine, a dart board, and TVs. Shyron confronted two men, Raper and Jeff Mann, the truck's owner, at the man-cave residence and saw Charles's two pinball machines in the back of the truck. Shyron testified that Raper was "aggressive" and claimed to have purchased the pinball machines. He said that Raper also said that he had a receipt but did not produce it. Shyron called his father, who arrived on the scene but did not recognize Raper or Mann, so Shyron called the police. The Robinsons testified that they do not know a man named Patrick Robinson.

The State also called both a criminal investigator and a deputy with the Drew County Sheriff's Office to testify, along with William Jones, the owner of a pawn shop. Jones testified that he knows Raper and that Raper had sold him a slot machine on December 15, which Charles subsequently identified as belonging to him. After the State rested, the trial court denied Raper's motion as to residential burglary. The defense then presented testimony from Raper and his wife, Carrie.

Raper and Carrie testified that they have a business in which they buy and sell used items. They claimed that on December 11, they encountered a man sitting outside of a deli with a slot machine, which he sold to them for $50. They testified that the man, who had said his name was Patrick Robinson, showed Raper photos on his phone of two pinball machines that he also wanted to sell. The photos depicted the pinball machines sitting beside the slot machine that they had just purchased. Raper testified that he bought the pinball machines and that the man had told him the pinball machines were located on the back porch of an empty residence, that the door was open, and that Raper needed to remove them

2

by December 20. Raper said that he had a telephone number for Patrick Robinson but had since lost it. At trial, Raper claimed that he had foolishly gotten into Mann's truck without his receipt book, which was kept in his vehicle. Raper did not produce the receipt until the Thursday before trial. He claimed to have been in prison and said that his wife did not have access to his safe where the receipt was kept. Raper renewed his directed-verdict motion on residential burglary, and it was again denied. The jury then found Raper guilty of residential burglary and misdemeanor theft of property, and he was sentenced to serve five years in prison.

## II. *Standard of Review*

On appeal, we treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Milner v. State*, 2020 Ark. App. 546. In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* On appeal, we review the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Id.*

Circumstantial evidence is evidence of circumstances from which a fact may be inferred. *Wright v. State*, 2022 Ark. 103, 644 S.W.3d 236. Circumstantial evidence may provide a basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Id.* Whether the evidence excludes every other hypothesis is left to the jury to decide. *Id.* Further, the credibility of witnesses is

an issue for the jury, not the court; the trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

III. *Discussion*

A person commits residential burglary if he enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing in the residential occupiable structure any offense punishable by imprisonment. Ark. Code Ann. § 5-39-201(a)(1) (Repl. 2013). A criminal defendant's intent or state of mind is seldom capable of proof by direct evidence and must usually be inferred from the circumstances of the crime. *Wright, supra.* Because intent cannot be proved by direct evidence, the jurors can draw upon their common knowledge and experience to infer it from the circumstances. *Id.*

Raper contends that the State failed to prove that he entered the man-cave residence with the intent to commit theft. He argues that the evidence below revealed the following:

> The facts show that [Raper] removed property from a residence under the belief that he had lawfully acquired the items he was removing. He testified that he had a registered Arkansas corporation that was formed to buy and sell used items. He purchased several items from a man who had pictures of the items on his phone and had knowledge of where they were to be found. [Raper] paid for the items. He then went to the residence in daylight to retrieve the items that he had previously purchased. When confronted by the actual owners, he returned the items with no argument, but was arrested. This is the behavior of an innocent man.

Raper argues that he took the pinball machines under an honest belief that he was the owner and was authorized to remove the property. Raper argues that there were two equally plausible explanations for his possession of the pinball machines and that the presumption of innocence must prevail.

4

The State cites *Gray v. State*, 2009 Ark. App. 572, in which we affirmed the appellant's conviction for theft of property because the jury was not required to believe the appellant's explanation that he had taken a trailer from a third party who had represented himself as the true owner of the property. We said that "[t]he unexplained, unsatisfactory, or improbable explanation for possession of recently stolen property may be considered as evidence of guilt of theft of property." *Id.* at 4. The State asserts that Raper's possession of the two pinball machines belonging to Charles Robinson was "unexplained"; however, his possession was not unexplained as much as his explanation was improbable.

Possession of recently stolen property is prima facie evidence of guilt of burglary by the party in whose possession the property is found unless it is satisfactorily accounted for to the jury. *Owens v. State*, 2017 Ark. App. 353, 525 S.W.3d 480. The jury was not required to believe Raper's account of events. The jury could infer from the unlikely circumstances—entering a residence unescorted to retrieve items purchased sight unseen and without a receipt—that Raper intended to commit theft when he entered the man-cave residence. We hold that there is substantial evidence to support Raper's conviction for residential burglary.

Affirmed.

GRUBER and BROWN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Clayton P. Orr*, Ass't Att'y Gen., for appellee.